Filed 10/30/14  P. v. Rentfro CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEVON LEE RENTFRO,<br><br>Defendant and Appellant. | C075084<br><br>(Super. Ct. Nos. 13F131,<br>11F3366, 11F7983, 13F621) |

Defendant Devon Lee Rentfro was charged in case No. 13F131 with felony receiving stolen property (Pen. Code, § 496, subd. (a)),[1] possession of narcotics (Health & Saf. Code, § 11364.1), and resisting an officer (§ 148, subd. (a)(1)).  The complaint also alleged defendant had served four prior prison terms.  (§ 667.5, subd. (b).)  In case No. 13F621, defendant was charged with two counts of failure to appear (§ 1320, subd.

---

[1] Further undesignated statutory references are to the Penal Code.

1

(b)) and the same four prior prison terms (§ 667.5, subd. (b)).  The cases were tried separately.  A jury found defendant guilty on all counts in both cases; in the receiving stolen property case defendant admitted the prior prison term allegations, and in the failure to appear case the trial court found them true.  Defendant also admitted he had violated probation in case Nos. 11F3366 and 11F7983.[2]  The trial court sentenced him to an aggregate term of 11 years eight months local time.

Defendant appeals.  He contends:  (1) insufficient evidence supports his conviction for willful failure to appear; and (2) the trial court erred when it declined to instruct the jury that it could find defendant guilty of *misdemeanor* receiving stolen property (RSP) if it found the property received below $950 in value.  Because we disagree with both claims, we shall affirm the judgment.

## FACTS

*Case No. 13F131 - The Receiving Stolen Property Case*

In June 2012, Jeffrey Hamm's mountain bike was stolen from his parked truck outside a Redding motel.  Hamm had purchased the bike for $1,099 and added several aftermarket accessories; he estimated the current replacement value of the bike was $1,699.

A few months later, Hamm informed the Redding Police Department that he had seen a Craigslist advertisement for a bike he thought might be his.  Redding Police Investigator Rusty Bishop went to defendant's home and found Hamm's stolen bicycle, identified by matching the serial number.  Bishop also found a glass methamphetamine pipe.  Defendant admitted he smoked methamphetamine.  He claimed he had purchased the mountain bike five months earlier from a drug dealer in Anderson, who had

---

[2]  Defendant's request for certificates of probable cause as to his probation violation admissions was denied.  He does not raise any issues related to these two cases, and we do not address them.

thousands of dollars worth of stolen merchandise. Defendant admitted he knew the bike could have been stolen when he purchased it.

*Case No. 13F621 - The Failure to Appear Case*

On January 3, 2013, defendant appeared in court in case No. 11F7983. The trial court denied his request to be released on his own recognizance (OR) and ordered defendant be returned to court on January 17, 2013. Later, on January 3, 2013, the sheriff's department released defendant OR due to lack of space at the jail. Prior to his release, defendant signed papers directing him to appear in court on January 17, 2013.

Defendant did not appear in court on January 17, 2013. The trial court revoked his release and issued a warrant for his arrest. Officers arrested defendant at his home approximately two months later. He was hiding in a crawl space. Defendant appeared in court for the first time since being released OR on March 11, 2013.

## DISCUSSION

### I

*Insufficient Evidence of Failure to Appear*

Defendant first contends the evidence fails to establish he willfully failed to appear in court on January 17, 2013.

In determining whether the evidence is sufficient to support a conviction, the court must review "the whole record in the light most favorable to the judgment" and decide "whether it discloses substantial evidence . . . such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) "Under this standard, the court does not ' "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." [Citation.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' (*Jackson v. Virginia* (1979)

3

443 U.S. 307, 318-319 [61 L.Ed.2d 560].)" (*People v. Hatch* (2000) 22 Cal.4th 260, 272.)

Section 1320, subdivision (b) provides in pertinent part, "Every person who is charged with or convicted of the commission of a felony who is released from custody on his or her own recognizance and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony . . . . It shall be presumed that a defendant who willfully fails to appear within 14 days of the date assigned for his or her appearance intended to evade the process of the court."

A defendant may not be released on his own recognizance unless a signed agreement is filed with the court that contains the defendant's promises to: 1) appear as ordered by the court; 2) obey all reasonable conditions of release imposed by the court; and 3) not to depart the state without the court's permission; as well as defendant's waiver of extradition and acknowledgment that he has been informed of the consequences and penalties applicable to violation of the conditions of release. (§ 1318, subds. (a)(1)-(5); *People v. Carroll* (2014) 222 Cal.App.4th 1406, 1420 (*Carroll*).) Here, upon his release from custody, defendant signed an "Agreement on Release" in which he agreed to appear in court on January 17, 2013, as ordered, obey reasonable conditions of release, not depart the state, waive extradition, and that he understood failure to appear would constitute a separate and new offense.

Defendant argues that *People v. Mohammed* (2008) 162 Cal.App.4th 920, 928 (*Mohammed*) "suggests" that the section 1318 agreement is an agreement between defendant and *the court* that he will appear as ordered, contending that in this case, since the court *rejected* defendant's motion to be released OR, there was no such agreement. This argument fails, because section 1318 does not require the agreement be between defendant and the court, but instead between defendant and the government. "Similar to a bail bond being in the nature of a contract between the government and the surety that ensures the appearance of the defendant (see *People v. Amwest Surety Ins. Co*. (1991)

4

229 Cal.App.3d 351, 356), an OR written agreement is a contract between government and the defendant in which the defendant not only promises to appear, but is informed of the consequences of nonappearance." (*Mohammed, supra*, 162 Cal.App.4th at p. 931.)

Here, defendant signed an agreement to appear in court as ordered on January 17, 2013. The signed agreement advised defendant of the consequences of a failure to appear and complied in every material respect with the requirements of section 1318. (*Carroll, supra*, 222 Cal.App.4th at p. 1420.) Defendant did not appear in court until almost two months after his scheduled court date. When officers went to his home, he hid from them. On this record, there is ample evidence defendant willfully failed to appear on January 17, 2013.

II

*Misdemeanor Receiving Stolen Property*

Defendant next argues the trial court erred when it declined to instruct the jury that it could find defendant guilty of misdemeanor RSP if it found the property received below $950 in value. He compares RSP (§ 496) to grand theft (§ 497, subd. (a)), noting that theft of an item valued below $950 is not (felony) grand theft, therefore the trial court should have instructed the jury similarly regarding the RSP charge.[3] He argues that "to receive a felony conviction for receiving property which in all likelihood would have been a misdemeanor had he actually stolen the property denies him his right to equal protection." The People respond that the argument is "disposed of easily" because the different crimes have different elements, but that is not the test. (See *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199 *(Hofsheier)* ["It may well be that in most cases, as the Attorney General contends, persons who commit different crimes are not similarly

---

[3] If the value of the stolen property does not exceed $950, section 496 permits the district attorney or grand jury to exercise discretion to charge the offense as a misdemeanor, "if that action would be in the interests of justice." (§ 496, subd. (a).)

5

situated, but there is not and cannot be an absolute rule to this effect, because the decision of the Legislature to distinguish between similar criminal acts is itself a decision subject to equal protection scrutiny"].)

" 'The constitutional guaranty of equal protection of the laws means simply that persons similarly situated with respect to the purpose of the law must be similarly treated under the law. [Citations.] If persons are not similarly situated for purposes of the law, an equal protection claim fails at the threshold.' [Citation.]" (*People v. Keister* (2011) 198 Cal.App.4th 442, 450.) Defendant argues that under the current statutory scheme the jury must find an alleged *thief* stole property valued at greater than $950 in order to find the thief guilty of grand theft, a felony, while the law does not require proof of valuation greater than $950 in order to convict those who merely *received* the same property. Comparing the situations of alleged thieves and alleged receivers of stolen property, defendant posits without authority or analysis that "both classes are similarly situated . . . ." They are not.

The pertinent inquiry here is whether defendant, as an alleged receiver of stolen property, is " ' "similarly situated for purposes of the law challenged'' ' " to an alleged thief. *(Hofsheier, supra,* 37 Cal.4th at pp. 1199-1200.) " ' "There is . . . no requirement that persons in different circumstances must be treated as if their situations were similar." ' " (*People v. Travis* (2006) 139 Cal.App.4th 1271, 1291.)

Section 487 is directed at the actual thief who steals the property. Section 496 is "directed at the traditional 'fence' and at those who lurk in the background of criminal ways in order to provide the thieves with a market or depository for their loot. Such offenses are essentially different from the actual theft of property prohibited by section [487]." (*People v. Tatum* (1962) 209 Cal.App.2d 179, 183.) "Experience has shown that by cutting off the 'fence' a major obstacle is placed in the path of encouraging thefts as a profitable venture. . . . [I]n the eyes of the law the 'fence' is more dangerous and

6

detrimental to society than is the thief for 'receiving' or 'concealing' of stolen goods draws the heavier maximum penalty."  (*Id.* at p. 184.)

Thus these two categories of offenders, fences and thieves, occupy different positions in the criminal scheme of depriving others of their rightfully-owned property. They are differently situated from each other, having different roles and different levels of culpability.  They are not similarly situated as defined by relevant law; thus defendant's equal protection claim fails at the threshold.  He was not entitled to the requested jury instruction and the trial court did not err when it declined to instruct the jury on misdemeanor RSP.

## DISPOSITION

The judgment is affirmed.

        DUARTE        , J.

We concur:

      RAYE        , P. J.

      HULL        , J.

7